IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| WILMA SHAPIRO and JUDITH RUBIN,<br><br>      Plaintiffs,<br><br>  v.<br><br>FIELD FAMILY TRUST and LAWRENCE G. McMICHAEL, as EXECUTOR of ESTATE of MARTIN W. FIELD,<br><br>      Defendants.<br><br>LaGUARDIA MEZZ, LLC<br><br>      Nominal Defendant. | Civil Action No. 1:19-cv-01415-MN |

## PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs, Wilma Shapiro ("Ms. Shapiro") and Judith Rubin ("Ms. Rubin"), by and through their undersigned counsel, in support of their First Amended Complaint, allege as follows:

### INTRODUCTION

1. This is an action to prevent the transfer of an interest in a Delaware limited liability company, which transfer is expressly prohibited without the consent of Plaintiffs under the terms of the Company's operating agreement, and which consent has not been sought or obtained by Defendants. Plaintiffs also bring direct and derivative claims against Defendants for breach of fiduciary duty, and for civil conspiracy. Defendants have engaged in a practice of harming the economic value of the principal asset of LaGuardia Mezz, LLC (the "Company"), which is the LaGuardia Plaza Hotel. Defendants have, among other things, promoted the interests of an adjacent, competing hotel, the Hampton Inn of Elmhurst, NY (the "Hampton Inn"), which is owned and controlled by LaGuardia Mezz I, LLC ("Mezz I").

2. Martin W. Field ("Mr. Field") passed away on March 11, 2018. Mr. Field's estate is currently being administered by his Executor Lawrence G. McMichael (the "Executor" or "Mr. McMichael"), in the Court of Common Pleas of Montgomery County, Pennsylvania ("Montgomery County Court").

3. At the time of his death, Mr. Field owned a 60.748% interest of LaGuardia Mezz, LLC (the "Company"), a Delaware limited liability company. Mr. Field was also a member and manager of the Company.

4. Mr. McMichael has notified Plaintiffs of his intention to transfer the Company's interest of 60.748% interest of Mr. Field to the Field Family Trust, which is another member of the Company. The transfer of a member's interest is expressly prohibited by the Company's operating agreement, unless all other members consent to the transfer. Ms. Shapiro has advised the Executor that she opposes and does not consent to this proposed sale, which is Ms. Rubin's position, as well.

5. Plaintiffs filed a Verified Complaint against both Defendants in the Delaware Court of Chancery on July 26, 2019, captioned as Civil Action No. 2019-0580-AGB.

6. On July 30, 2019, Defendants filed a Notice of Removal of the action to this Court pursuant to 28 U.S.C. §§ 1332, 1441, and 1446.

## THE PARTIES

7. Wilma Shapiro is an adult individual residing in Atlanta, Georgia, and is a 3% owner[1] and member of the Company.

8. Judith Rubin[2] is an adult individual residing in Boca Raton, Florida, and is a 3% owner[3] and member of the Company.

9. Lawrence G. McMichael is the Executor of the Estate of Martin W. Field. Mr. McMichael is a resident of the State of Pennsylvania.

10. The Field Family Trust is a Pennsylvania entity formed in or around 1993, and is a 15.252% owner and member of the Company. Mr. McMichael is also the Trustee of the Field Family Trust.

11. The Company is a duly registered Delaware limited liability company, formed in January 2007, and is a nominal Defendant because some of the claims asserted herein are derivative in nature.

## JURISDICTION

12. The Court has personal jurisdiction over the Field Family Trust, pursuant to 6 *Del. C*. § 18-109 and 10 *Del. C*. § 3104. Upon information and belief, the Field Family Trust has

---

[1] Ms. Shapiro is also the Trustee of a GST Exempt Trust U/W/O Sidney Becker for the benefit of Judith Rubin, which also holds a Membership interest in the Company.

[2] Judith Rubin was previously known as Judith Becker, and was so known at the time she acquired her 3% membership interest in the Company.

[3] Ms. Rubin is also the Trustee of a GST Exempt Trust U/W/O Sidney Becker for the benefit of Wilma Shapiro, which also holds a Membership interest in the Company.

exercised managerial control over the Company. The Court also has personal jurisdiction over the Field Family Trust under the doctrine of civil conspiracy.

13. The Court has personal jurisdiction over Mr. McMichael, pursuant to 6 *Del. C*. § 18-109 and 10 *Del. C*. § 3104. The Court also has personal jurisdiction over Mr. McMichael, in his capacity as Executor of the Estate of Martin Field, under the doctrine of civil conspiracy.

14. The Court has subject matter jurisdiction over this action, pursuant to 28 U.S.C. § 1332, as Plaintiffs and Defendants are citizens of different states, and the amount in controversy is in excess of $75,000, exclusive of interest and costs.

## FACTUAL ALLEGATIONS

15. Mr. Field passed away, on March 11, 2018.

16. At the time of his death, Mr. Field owned a 60.748% interest in the Company (the "Interest"), and was a member and manager of the Company. Mr. Field also owned a 19.6% interest in Mezz I.

17. The Company is a manager-managed LLC, pursuant to § 5.1(a) of the Limited Liability Agreement of LaGuardia Mezz, LLC ("Operating Agreement"). A true and correct copy of the Operating Agreement is attached hereto as **Exhibit A**.

18. The sole purpose of the Company is "to acquire, own and hold interests in LaGuardia Associates, L.P., a New York limited partnership, and LaGuardia, Inc., a New York corporation." Operating Agreement at § 1.4. The Company owns and indirectly operates a hotel in New York: the LaGuardia Plaza Hotel.

19. Section 7.1 of the Operating Agreement states:

> Except as provided in this Agreement, **no Member shall transfer, sell, assign, pledge, exchange, encumber, gift, bequeath or otherwise dispose** of (collectively, "Transfer") all or any of the Member's Interest **without the unanimous consent of the Members**, which consent may be withheld in the sole discretion of such Members. **Any purported Transfer in violation of this Agreement shall be null and void**.

Ex. A (emphasis added).

20. On July 2, 2019, counsel for Mr. McMichael, as the Executor of Mr. Field's estate, filed a Petition for Adjudication/Statement for Proposed Distribution ("Petition for Adjudication"), which seeks approval from the Orphan's Division of the Montgomery County Court of Common Pleas to sell Mr. Field's 60.748% interest in the Company to the Field Family Trust. A true and correct copy of the July 2, 2019 Petition for Adjudication is attached hereto as **Exhibit B**.

20. Upon information and belief, the Field Family Trust currently maintains a minority interest in the Company, and actively engages in the management of the Company.

21. The Field Family Trust also owns an 80.4% membership interest in Mezz 1[4], which operates the Hampton Inn in direct competition with the LaGaurdia Plaza Hotel.

22. Transfer of the Interest to the Field Family Trust would give the trust a substantial majority interest in the Company.

23. Plaintiffs were never contacted by Defendants to provide consent to the transfer, and Plaintiffs have notified the Executor that they oppose and do not consent to the sale of Mr. Field's 60.748% interest in the Company.

---

[4] Mezz I indirectly owns a 99.5% membership interest in LaGuardia Express, LLC, which is the owner of the Hampton Inn.

24. Plaintiffs filed an Objection to the proposed transfer of Mr. Field's interest in the Company in the Orphan's Court Division of the Montgomery County Court of Common Pleas, captioned: *In Re: Estate of Martin W. Field*, No. 2018-X0978

25. The Company's Operating Agreement is governed under the law of New York. Ex. A, at § 11.3.

## Defendants Harm the Company

26. Upon information and belief, Martin Field and the Field Family Trust have actively managed the Hampton Inn, which is owned by Mezz I.

27. Upon information and belief, Martin Field and the Field Family Trust have operated the Hampton Inn in direct competition with the LaGuardia Plaza Hotel.

28. The Hampton Inn is adjacent to the LaGuardia Plaza Hotel, and both hotels compete for guests looking to stay close to LaGuardia Airport.

29. Upon information and belief, Mr. Field did not invite Plaintiffs or their family members, who were current investors in the Company, to invest in Mezz I.

30. Upon information and belief, Mr. Field and the Field Family Trust have intentionally harmed the business of the LaGuardia Plaza Hotel by incurring substantial debt against the asset, and by deferring necessary maintenance.

31. Upon information and belief, the Defendants have directed customer traffic to the Hampton Inn, to the detriment of the LaGuardia Plaza Hotel.

32. Upon information and belief, Defendants have committed capital to maintain the Hampton Inn, while permitting the LaGuardia Plaza Hotel to physically deteriorate.

33. The First and Final Account of Mr. Field's Estate filed in the Orphan's Division of the Montgomery County Court of Common Pleas on July 2, 2019 ("Final Account"), lists Mr. Field's 19.6% interest in Mezz I as worth $860,243. A true and correct copy of the Final Account is attached hereto as **Exhibit C**.

34. The Final Account lists Mr. Field's 60.748% interest in the Company as worth $0.

35. Upon information and belief, Mr. Field and the Field Family Trust have authorized and facilitated inter-company and personal loans, which have diluted the economic value of the Company's assets, to the detriment of Plaintiffs and to the advantage of Defendants.

36. At the time of his death, Mr. Field owed on a note the principal and accumulated interest of $1,483,002 to LaGuardia, Inc., which is a wholly-owned subsidiary of the Company. *See* Petition for Adjudication, at 7.

37. At the time of his death, Mr. Field also owed $1,170,328.42 in principal and accumulated interest on a demand note owed to the Field Family Trust.

## COUNT I - INJUNCTIVE RELIEF

38. Plaintiffs restate all of the preceding allegations as if fully stated herein.

39. Mr. Field was a member of the Company from its formation until the time of his death.

40. The Executor stands in the shoes of Mr. Field, and is bound by the terms of the Operating Agreement.

41. Ms. Shapiro and Ms. Rubin do not consent to the proposed transfer of Mr. Field's interest in the Company to the Field Family Trust.

42.  Plaintiffs will be irreparably harmed if the Executor is permitted to transfer the interest of Mr. Field to the Field Family Trust, which transfer is in direct contravention of Plaintiffs' contractual rights under the Operating Agreement.

43.  This proposed transfer will also permit the Field Family Trust, which has interests adverse to the Company and the LaGuardia Plaza Hotel, to acquire a substantial majority of the membership interest in the Company.

## COUNT II- BREACH OF FIDUCIARY DUTY

44.  Plaintiffs restate all of the preceding allegations as if fully stated herein.

45.  Both the Delaware and New York LLC Acts, and the common law, impose on Mr. Field as a manager, and by operation of law upon the Executor, and upon the Field Family Trust, as a *de facto* manager, the fiduciary duties of loyalty and care to act in the best interests of the Company.  The Operating Agreement does not waive these duties.  Op. Ag. § 5.12

46.  Defendants breached their fiduciary duties of care and loyalty owed to the Company and to Plaintiffs by diverting business opportunities to the Hampton Inn, and away from the LaGuardia Plaza Hotel.

47.  Defendants also breached their fiduciary duties owed to the Company and Plaintiffs by mismanaging the LaGuardia Plaza Hotel, including incurring debt and deferring maintenance, and by actively favoring the Hampton Inn's upkeep and condition to the detriment of the LaGuardia Plaza Hotel.

48. Defendants further breached their fiduciary duties owed to the Company and Plaintiffs by facilitating inter-company loans and personal loans to Mr. Field, which diluted the equity interest of Plaintiffs in the Company.

49. Plaintiffs seek an accounting to ascertain the full extent of their damages, but allege that their damages are in excess of $75,000, exclusive of interest and costs.

50. Plaintiffs assert the breach of fiduciary duty claim against both Defendants directly, on their own behalves, and derivatively on behalf of the Company.

51. Plaintiffs were both members of the Company at all relevant times described herein.

52. This action is not collusive, and does not seek to confer jurisdiction that the Court would otherwise lack.

53. Plaintiffs have not demanded that the managers of the Company pursue this action on behalf of the Company, because the Defendants' maintain a controlling ownership and managerial interest in the Company, and therefore such demand would be futile.

## COUNT III – CIVIL CONSPIRACY

54. Plaintiffs restate all of the preceding allegations as if fully stated herein.

55. Defendants have acted in concert for the joint purpose of diluting the Plaintiffs' economic interest in the Company, to the benefit of Defendants and Mezz I.

56. Defendants have acted in concert to facilitate inter-company loans and personal loans from LaGuardia, Inc. and the Field Family Trust to Mr. Field.

57. The inter-company loans and personal loans to Mr. Field have reduced the value of Plaintiffs' economic interests in the Company.

58. Defendants have further acted in concert in an attempt to transfer Mr. Field's interest in the Company to the Field Family Trust, in direct violation of the Operating Agreement.

**WHEREFORE**, Plaintiffs respectfully request that the Court:

A. Enter orders permanently enjoining Defendant, Mr. McMichael, from transferring Mr. Field's 60.748% interest in the Company to the Field Family Trust;

B. Enter orders permanently enjoining Defendant, the Field Family Trust, from purchasing, receiving, or in any way acquiring Mr. Field's 60.748% interest in the Company;

C. Order an accounting of the Company's assets and liabilities;

D. Enter judgment in favor of Plaintiffs in an amount in excess of $75,000;

E. Award Plaintiffs their costs and expenses, including reasonable attorneys' fees incurred in this action; and

F. Grant Plaintiffs such other relief as is just and equitable.

Respectfully submitted,

**ECKERT SEAMANS CHERIN & MELLOTT, LLC**

By: */s/ Brian E. O'Neill*_____
Brian E. O'Neill (Bar No. 6315)
Alexandra D. Rogin (Bar No. 6197)
222 Delaware Ave., 7th Floor
Wilmington, DE 19801
Telephone: (302) 574-7400; Fax: (302) 574-7401
boneill@eckertseamans.com
arogin@eckertseamans.com

Dated: October 21, 2019         *Attorneys for Plaintiffs*